UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CADLE COMPANY,

                    Plaintiff,

v.

ELDRIDGE LIVINGSTON and KATHLEEN WILSON,

                    Defendants.

**MEMORANDUM & ORDER**
13-CV-3799 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Cadle Company commenced the above-captioned action against Defendants Eldridge Livingston and Kathleen Wilson, seeking repayment of a promissory note. Although properly served with copies of the summonses, Complaint and Amended Complaint, (Docket Entry Nos. 5–6), Livingston failed to appear or otherwise defend against this action, and Wilson initially failed to appear. On September 17, 2013, the Clerk of Court noted Livingston's default, (Docket Entry No. 11), and on October 11, 2013 the Clerk of Court noted Wilson's default, (Docket Entry No. 13.) Plaintiff subsequently moved for a default judgment as to both Defendants, (Docket Entry No. 14), which motion was referred to Magistrate Judge Joan M. Azrack. Wilson subsequently appeared to defend against this action, (*see* Docket Entry No. 17, Minute Entry dated November 19, 2013), and signed a stipulation of settlement with Plaintiff for $197,000, (Docket Entry No. 18, Ex. 1). Plaintiff moved for judgment against Wilson based on settlement. (Docket Entry No. 18.) By Report and Recommendation (R&R) dated January 14, 2014, Judge Azrack recommended that (1) judgment be entered jointly and severally against Livingston and Wilson in the amount of $197,000, and (2) a default judgment be entered

individually against Livingston for an additional $18,679.81, plus per diem interest of $3,109.57 from October 16, 2013, until the entry of judgment. (Docket Entry No. 21.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

Judge Azrack recommends entry of judgment against Wilson pursuant to the terms of the settlement agreement in the amount of $197,000, and notes that "[b]ecause Wilson and Livingston both signed the [promissory n]ote, they should be jointly and severally liable for $197,000." (R&R 4.) Having reviewed Judge Azrack's recommendation and finding no clear error, the Court adopts Judge Azrack's recommendation, and finds Wilson jointly and severally liable with Livingston in the amount of $197,000.

Judge Azrack also found that Plaintiff is entitled to an additional judgment against Livingston in the amount of $18,679.81, for a total judgment of $215,679.81, plus prejudgment interest. (R&R 4.)[1] The total judgment against Livingston reflects the following: (1) $121,349.09 in principal, (2) $93,770.82 in interest calculated from April 1, 2006 through October 15, 2013, and (3) $559.90 in court costs. (R&R 4.) Judge Azrack further recommends "per diem interest of $3,109.57 from October 16, 2013 until entry of judgment" against Livingston. (R&R 4.) This figure appears to reflect the *total* interest that continued to accrue between October 15, 2013 and the date of the R&R, January 15, 2014.[2] Therefore, the Court construes the R&R as including a recommendation for the entry of prejudgment interest in the amount of $3,109.57 for the period between October 15, 2013 and January 15, 2014. Finding no clear error with the calculation method used by Judge Azrack, the Court recalculates the prejudgment interest award using the interest rate provided in the promissory note, (*see* Compl. Ex. A at 1; *see also* R&R 2), and the date of entry of the instant Memorandum and Order (May 8, 2014), for a total prejudgment interest award for the period between October 15, 2013, and

---

[1] Judge Azrack correctly notes the individual components of the judgment against Livingston, but initially states a total figure of $215,120.81, which is the total judgment exclusive of court costs and disbursements. (R&R 4.) In the conclusion, the R&R recommends a total judgment against Livingston in the correct amount of $197,000 plus $18,679.81, for a correct total of $215,679.81. (*Id.*)

[2] The per diem interest rate on the initial principal balance of the promissory note of $121,349.09, at an annual rate of interest of 10.25 percent, is $34.05. At this rate, the total interest that accrued during the 91 days between October 15, 2013, and January 15, 2014, the date of Judge Azrack's R&R, is $3,101.28, which is approximately the amount of prejudgment interest recommended by Judge Azrack. The Court notes that this simplified method of calculating prejudgment per diem interest is consistent with the method used by Plaintiff to calculate interest owed for the period between April 1, 2006, and October 15, 2013. (*See* Pl. Aff. ¶ 11.)

May 9, 2014, of $7,039.25.[3]  In addition, the Court enters judgment at the per diem rate of $34.05 per day from May 9, 2014 through the date of entry of judgment.

The Court has reviewed the unopposed R&R and adopts Judge Azrack's recommendation, as modified, pursuant to 28 U.S.C. § 636(b)(1), for entry of judgment against Livingston in the following amounts: (1) $121,349.09 in principal, (2) $93,770.82 in interest through October 15, 2013, (3) $559.90 in costs and disbursement, (4) $7,039.25 in prejudgment interest for the period between October 15, 2013 and the date of this Memorandum and Order, and (5) additional interest at the rate of $34.05 per day from May 8, 2014 through the date of judgment.  The Court adopts Judge Azrack's recommendation for entry of judgment against Wilson in the amount of $197,000.  Livingston and Wilson are jointly and severally liable for the amount of $197,000.  Livingston is solely liable for the additional amount of $25,719.06, plus prejudgment interest from May 9, 2014 through the date of judgment.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 9, 2014
       Brooklyn, New York

---

[3] The Court arrived at this figure by multiplying the original principal amount, $121,349.09, by the annual interest rate of 10.25 percent, by the total time that has elapsed between October 15, 2013 and May 9, 2014, which is 0.56 years.

4